SAMUEL HEYS, plaintiff in error, *vs.* R. T. WALTERS, defendant in error.

An appointment by the Judge of the Superior Court, of one to perform the duties of sheriff, under section 251, of the Revised Code, holds until there is an election of some one to fill the vacancy, as provided by law, and no longer.

Vacancy. Sheriff. Revocation of appointment. Before Judge CLARK. Sumter Superior Court. April Adjourned Term, 1872.

On April 8th, the first day of the regular April Term, 1872, of Sumter Superior Court, the following order was passed:

"The office of sheriff being vacant, and the coroner of the county declining to act as sheriff during the term of the

Heys *vs.* Walters.

Court, ordered by the Court that Samuel Heys be and he is hereby appointed sheriff, and W. W. Guerry, deputy sheriff, during the said term."

The April Term was adjourned to the ........ Monday in June, 1872. On the 6th day of May, 1872, the Court passed the following order:

"It appearing to the Court that Samuel Heys was appointed by the Court sheriff on the ........ day of April last, there being a vacancy in the office, and it further appearing that R. T. Walters has presented a commission from his Excellency the Governor, for said office of sheriff of Sumter county, ordered by the Court that the order appointing Samuel Heys, sheriff, be and the same is hereby set aside, and the said Heys will immediately turn over the books, papers, etc., belonging to said office to said R. T. Walters."

The last order was granted without first obtaining a rule *nisi* calling upon said Samuel Heys to show why said first order should not be set aside, and why he, the said Heys, should not turn over said books and papers to said R. T. Walters, and without any written notice to said Heys.

To the granting of the second order, plaintiff in error excepted, and says that the Court erred upon the following grounds, to wit:

1st. The said Samuel Heys could not be called upon without a rule *nisi*, or some written notice to turn over the books and papers pertaining to said office of sheriff.

2d. The said Samuel Heys had, under his appointment as sheriff, under the first order, the right to hold said office until ten days after the adjournment of the Court for which he was appointed.

N. A. SMITH, for plaintiff in error.

FORT & HOLLIS; J. A. ANSLEY, for defendant.

McCay, Judge.

Taking section 251 of the Code literally, its words, " who holds his office during the term and ten days thereafter," seem to justify the claim of Mr. Heys to hold this office until ten days after the final adjournment of the Court.

But the section is to be construed in view of its object, to-wit : to supply the immediate necessity for a clerk or sheriff at the time of the meeting of the Superior Court.   The Constitution and laws generally contemplate that these officers shall be elected by the people, and this temporary selection of such an officer by the Judge for the nonce, to-wit : at the time of holding the Court, is to be very strictly construed and not carried beyond the *actual necessity.*

In this case, the ordinary term was over, even the ten days thereafter had expired.   But there was an adjourned term to be held, and it is contended that this carries over the term of the appointee until ten days after the final adjournment.

We do not agree with this construction.   The great object of the provision is to meet the emergency.   We are not prepared even to say that if a regular clerk were elected during the regular term, and were to demand his place, the appointment would not fall, since the emergency had ceased.   But after the Court has adjourned to a different day the terms of the act are complied with, its reason is satisfied.

By the next section it is clear that it was contemplated that the appointment should cease when the regular clerk was elected.

Taking both sections together, and especially considering that the object of both is simply to meet a special emergency, to-wit : To secure officers at actual sessions of the Court—the power of the appointee to hold over is rather permissory than mandatory, and we conclude that there was no intent to extend the term beyond ten days after the actual *session* of the Court.

As we have said, we are not prepared to say that the appointee would not yield to the regular officer, whenever he

was elected and qualified, but we feel that it was clearly not the intent to carry the appointment over, simply because the Judge has appointed an adjourned term.

Judgment affirmed.